UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11075-RGS

CARMEN SANCHEZ and
YEWELLYN SANCHEZ

v.

CITY OF BOSTON; DETECTIVE LAURA
DELANEY, individually and in her official capacity;
SERGEANT DENNIS COGAVIN, individually and in his official capacity;
OFFICER ANA ALEMDIA, individually and in her official capacity; and
OFFICER DIAMANTINO ARAUJO, individually and in his official capacity.

MEMORANDUM AND ORDER
ON SUBJECT MATTER JURISDICTION

November 10, 2011

STEARNS, D.J.

On October 27, 2011, the court directed plaintiffs Carmen Sanchez and Yewellyn Sanchez (a mother and her minor daughter) to identify the alleged federal constitutional violation(s) set out in the Amended Complaint that provide(s) this court with subject matter jurisdiction. The Amended Complaint essentially sketches a confrontation between plaintiffs and Boston police officers over a stolen cellular telephone. The Complaint was originally filed in Suffolk Superior Court and then removed by defendants to this court.

In response to the court's request, plaintiffs assert that "[u]ndoubtedly, the

officers entered the home to search for both the phone and Yardley and undoubtedly they did engage in a search. . . . Their entry into the home without an invitation and without a warrant to search for the stolen cellular phone and for Yardley alone rendered their actions unreasonable and violative of the Fourth Amendment." Pl. Response at 6. With respect to the City of Boston, plaintiffs contend that

> [a]ccepting all facts alleged in the complaint as true, the complaint puts the City on notice of a claim that the policy makers were deliberately indifferent to the actions of the members of its police force that they created an atmosphere that allowed the individual officers to impose some form of vigilante justice in order to recover a stolen cellular phone. The complaint alleges that the officers berated and harassed the Plaintiffs, entered their home without a warrant in order to search for the target of their investigation, Yardley, and the stolen cellular phone. These officers used the authority of their badge in order to try to take advantage of the Plaintiffs and wrongfully pressure them into admitting to committing crimes that they did not commit. The complaint goes on to allege that he actions and/or omissions of the policy makers for the City of Boston encouraged the individual officers to engage in conduct that violated the constitutional rights of the inhabitants of the City in general and the plaintiffs in particular.

*Id*. at 8.

There are, however, no facts alleged in the Amended Complaint that support either of these theories. What is said in the Amended Complaint is that two Boston police officers met plaintiffs at their home after inquiring (by telephone) in a belligerent manner about the stolen cell phone. According to the Amended Complaint, after identifying themselves as police, the officers followed plaintiffs into their home

"without an invitation and without a warrant." Am. Compl. ¶ 29. In the home, the officers continued to berate the mother about the accusation against her son and demanded that she return the stolen phone. Two other officers, one of them a detective, arrived and also entered the home. The detective showed a telephoned number to the daughter who identified it as the plaintiffs' home telephone number. After confirming that this was true, the officers departed. No arrests were made and nothing was taken from the residence.

"Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). *See also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (same). A violation of a "right" that is not "secured" by federal law is not actionable under section 1983. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989). *See also 'Abdullah v. Sec'y of Pub. Safety*, 42 Mass. App. Ct. 387, 390 (1997). Hence the rule that an action under section 1983 may not be based on a violation of state law unless the act complained of also violates a secured federal right. *Knight v. Jacobson*, 300 F.3d 1272, 1277 (11th Cir. 2002); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1047 (7th Cir. 1995); *Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1189 (5th Cir. 1991).

Trespass – entering or remaining on another's property without a privilege to

do so – is a common-law tort. *See Inhabitants of Barnstable v. Thacher*, 44 Mass. 239, 242 (1841); *Gage v. Westfield*, 26 Mass. App. Ct. 681, 695 n.8 (1988). It is also a violation of state criminal law. *See Commonwealth v. Strahan*, 30 Mass. App. Ct. 947, 948-949 (1991); Mass. Gen. Laws ch. 266, § 120. Trespass (invasion of privacy and consequential emotion distress) is what is plead in the Complaint, nothing more.[1]

To implicate the Fourth Amendment, a search or seizure of property must amount to more than a mere common-law trespass – the property must be effectively converted to the dominion and control of the State. *United States v. Va Lerie*, 424 F.3d 694, 702, 708-709 (8th Cir. 2005) (en banc). "The law of trespass . . . forbids intrusions upon land that the Fourth Amendment would not proscribe. For trespass law extends to instances where the exercise of the right to exclude vindicates no legitimate privacy interest. Thus, in the case of open fields, the general rights of property

---

[1] The Complaint arguably makes out a claim under the Massachusetts Civil Rights Act (MCRA) (the officers "used threats of arrest and criminal charges if they did not cooperate", and "continued to pressure, harass and berate" the plaintiffs when they refused). Mass. Gen. Laws ch. 12, § 11, creates a private right of action against any person who by threats, intimidation, or coercion, interferes or attempts to interfere with any other person's exercise or enjoyment of rights secured by the constitution or laws of the Commonwealth. In a rather puzzling response to Judge Gertner's dismissal of the City of Boston from the MCRA claims set out in the original Complaint (presumably because the City is not a person for purposes of the MCRA, *see Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 592 (2001)), plaintiffs amended the Complaint by striking the MCRA claims (Count IV) against the defendant police officers as well.

protected by the common law of trespass have little or no relevance to the applicability of the Fourth Amendment." *Oliver v. United States*, 466 U.S. 170, 183-184 (1984). The same is true of searches. *See Commonwealth v. Simmons*, 392 Mass. 45, 49 (1984) (a technical trespass against an ownership interest is not a constitutional violation if no expectation of privacy is infringed).

A municipality may be held liable for monetary damages or injunctive relief only if its unconstitutional policies "cause" a constitutional injury. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993). Viewing the allegations of the Amended Complaint in the light most favorable to plaintiffs, the defendant officers may well be liable to plaintiffs under a theory of common-law trespass (either entering plaintiffs' home without being invited to do so or remaining on the premises after it was made clear to the officers that their presence was no longer tolerated). But a municipality cannot be held liable simply because it employs a tortfeasor – the doctrines of *respondeat superior* and vicarious liability have no place in section 1983 actions against a municipality. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Consequently, the City of Boston has no role to play in this action.

## ORDER

For the foregoing reasons, the federal claims set out in the Amended Complaint

(Counts II and III) are <u>STRICKEN</u>; the remaining state law claims for invasion of privacy (Count V) and infliction of emotional distress (Count I) are <u>REMANDED</u> to the Suffolk Superior Court. *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 108-109 (1st Cir. 2007) ("The remand statute, 28 U.S.C. § 1447(c), instructs that '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court. This command is obligatory and does not afford district courts leeway to dismiss rather than remand."); *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) ("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.").[2]

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

[2] Whether plaintiffs should be permitted to reinstate the MCRA claims against the defendant police officers is a matter for the discretion of the Superior Court.